## IN THE CIRCUIT COURT FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

Scott Barfield,

       Plaintiff,

v.                                             Case No. 2016-CA-_____

aPRO International, Inc., a Delaware corporation

       Defendant.

_____

### Complaint

Scott Barfield sues aPRO International, Inc. a Delaware corporation ("aPRO"), and states as follows.

### Common Allegations

The following allegations are made common to and part of each count of this complaint.

1. **The Nature of this Action.** This complaint asserts causes of action by Mr. Barfield against aPRO for (i) unpaid wages; (ii) unjust enrichment; and (iii) injunctive relief.

2. **Parties.**

   (a) Scott Barfield is the vice president and a director on the board of directors of aPRO, and a minority shareholder of 22.223% shares of aPRO. He is an adult resident of Manatee County, Florida.

   (b) aPRO International, Inc. is a Delaware corporation that conducts business in Florida.

3. **Jurisdiction and Venue.** This complaint asserts causes of action for damages in excess of $15,000.00; and injunctive relief. Therefore, pursuant to Chapter 26, Fla. Stat. (2015), jurisdiction properly lies in the Manatee County Circuit Court. Pursuant to section 48.193, Fla. Stat. (2015), aPRO is subject to jurisdiction of the courts of the state of Florida for operating,

engaging in, and carrying on a business or business venture in Florida. Concerning venue, the causes of action accrued in Manatee County, Florida, via the damages requested herein being owed to Mr. Barfield in Manatee County, Florida. Therefore, venue properly lies in Manatee County, Florida.

4. **The Company.** aPRO is a closely-held Delaware corporation governed by an operating agreement and by laws ("the Governing Documents"). aPRO conducts business in Florida.

5. **Employment.** Mr. Barfield was employed by aPRO as vice president and director of accounting, and served as a member on aPRO's board of directors. According to the Governing Documents, and specifically the minutes of the special meeting of the board of directors of aPRO memorialized on April 24, 2013, Mr. Barfield is entitled to an annual salary of at least $101,560.50 as the director of accounting of aPRO. A copy of the April 24, 2013 minutes is attached as Exhibit "A".

6. **Demand for Jury Trial.** Mr. Barfield demands a jury trial of all issues in the above-styled action.

7. **Attorneys.** Mr. Barfield has retained Mackey Law Group, P.A. to represent him in this action and is obligated to pay his attorneys a reasonable fee for services rendered.

8. **Conditions Precedent.** All conditions precedent to the commencement and maintenance of this action have been satisfied, discharged or waived.

### Count I – Unpaid Wages

9. **Nature of this Action.** This count asserts a cause of action by Mr. Barfield against the aPRO for unpaid wages.

10. **Restatement.** Mr. Barfield restates its allegations in paragraphs 1 through 8 as fully set forth herein.

11. **Deferred Salary.** On July 1, 2011, aPRO issued a memorandum stating that all executive management personnel will be on deferred salary until further notice. A copy of the memorandum is attached as Exhibit "B". Mr. Barfield is owed deferred salary from aPRO, who has refused to pay the same.

12. **Unpaid Wages.** As of the commencement of the above-styled action, aPRO owes Mr. Barfield unpaid wages in the approximate amount of $213,059.00.

13. **Requested Relief.** Based on the foregoing, it is requested that the court enter judgment in favor of Mr. Barfield against aPRO for:

    (a) damages in excess of $15,000.00;

    (b) attorney's fees and costs pursuant to section 448.08, Fla. Stat. (2015); and

    (c) other such other relief as the court deems appropriate.

### Count II – Unjust Enrichment

14. **Nature of this Action.** This count asserts a cause of action by Mr. Barfield against the aPRO for unjust enrichment.

15. **Restatement.** Mr. Barfield restates its allegations in paragraphs 1 through 8 as fully set forth herein.

16. **Benefit Conferred on aPRO.** aPRO received the benefit of, among other things, Mr. Barfield's (i) services as an employee, director of accounting, and member of the board of directors; and (ii) capital contribution. There was an expectation that Mr. Barfield would receive compensation, via a salary, distributions, and the fair market value of his shares in aPRO, from aPRO in return for his services and capital contribution. Benefits were received by aPRO; however, aPRO has refused to pay Mr. Barfield his salary, distributions, and the current fair

market value of his shares in aPRO. In addition, aPRO has threatened force out Mr. Barfield as a shareholder, or dilute his ownership interest, without just compensation.

17. **Unjust Enrichment.** If aPRO does not pay Mr. Barfield his salary, distributions, and the current fair market value of his shares in aPRO, aPRO will be unjustly enriched to the detriment of Mr. Barfield.

18. **Requested Relief.** Based on the foregoing, it is requested that the court enter judgment in favor of Mr. Barfield against aPRO for:

    (a) damages in excess of $15,000.00;

    (b) costs of this action; and

    (c) such other relief as the court deems appropriate.

### Count III – Temporary Injunction

19. **Nature of this Action.** This count asserts a cause of action by Mr. Barfield against the aPRO for a temporary injunction.

20. **Restatement.** Mr. Barfield restates its allegations in paragraphs 1 through 8 as fully set forth herein.

21. **Ownership of Shares.** Mr. Barfield owns 22.223% of the shares of aPRO. aPRO has threatened to wrongfully force out Mr. Barfield as a shareholder, or dilute his shares, without compensating him for the value of his ownership interest.

22. **Substantial Likelihood of Success.** As a shareholder of aPRO, Mr. Barfield is entitled to compensation for the current value of his shares. aPRO cannot legally force Mr. Barfield out of his position as shareholder, or dilute his ownership interest, without compensating him for the value of his interest in the company. Therefore, Mr. Barfield as a substantial likelihood of success on the merits.

23. **Lack of Adequate Remedy at Law.** Because aPRO is a closely-held corporation, it is impossible to immediately value Mr. Barfield's 22.223% interest in the company. Therefore, until a determination can be made as to the value of Mr. Barfield's shares, the status quo ownership of aPRO should be maintained.

24. **Irreparable Harm.** aPRO is a successful, valuable corporation. If aPRO is able to force Mr. Barfield out of his position as a shareholder, or to dilute Mr. Barfield's interest, without compensating him for his shares, Mr. Barfield will be irreparably harmed.

25. **Public Interest.** The public interest will be served via the issuance of a temporary injunction by preserving the rights a minority shareholder in a closely-held corporation. If aPRO is able force out or dilute Mr. Barfield's shares without compensation, then a precedent will be set discouraging investors from participating in the ownership of a business as a minority shareholder.

26. **Requested Relief.** Based on the foregoing, it is requested that the court enter judgment in favor of Mr. Barfield against aPRO for:

   (a) injunctive relief, via a temporary injunction maintaining the status quo ownership of the company until a determine can be made relative to the current fair market value Mr. Barfield's 22.223% ownership;

   (b) costs of this action; and

   (c) such other relief as the court deems appropriate.

**MACKEY LAW GROUP, P.A.**
1402 Third Avenue West
Bradenton, Florida 34205
(941) 746-6225
(941) 748-6584 (FAX)
Attorneys for Scott Barfield

By: /s/ Peter J. Mackey
Peter J. Mackey
Florida Bar No. 0629138
pmackey@mackeylaw.com
T.R. Smith
Florida Bar No. 0104549
tsmith@mackeylaw.com

## SPECIAL MEETING OF THE
## BOARD OF DIRECTORS
## OF
## APRO INTERNATIONAL, INC.

Pursuant to Delaware Code Title 8, Chapter 1, Section 211, this Special Meeting is called by the President of APRO International, Inc. (the "Corporation"), in accordance with Section 4.6 of the By-Laws.

The attendees were Wanda Hale, Alicia Reilly, and Scott Barfield, constituting the entire Board, do hereby adopt the following resolutions, waiving meeting notification per Section 4.7 of the By-Laws, and hereby direct the filing of these minutes of the proceedings of the Board of Directors of the Corporation:

RESOLVED, that as of May 1, 2013 compensation of APRO officers will be at a percentage of 15% of their established annual salaries as identified below based upon the attached Economic Research Industry salaries by labor category at the 35% percentile rate, attached. For the CFO this rate is reduced by 5% to reflect the difference in CPA versus non-CPA requirements.

President/CEO - $133,805

Vice President of Operations/COO - $113,568

Director of Accounting/CFO - $101,560.50

RESOLVED, the percentage of salary authorized for corporate officers may be increased by the President/CEO without prior Board approval in accordance with the following conditions which may be combined:

+15% - obtainment of $2,500,000 in revenue

+30% - award of an additional contract with sustainment of existing contracts in excess of $500,000.

+15% - award of a Task Order under MCOE, OPTARSS, or EAGLE

Attested and signed by the Chairman of the Board:

_____   4/24/2013
Wanda Hale                  Date


EXHIBIT "A"



# MEMORANDUM

TO: Executive Management

FROM: Wanda N. Hale

DATE: July 1, 2011

RE: Deferred Salary

As of the payroll ending July 8th all executive management personnel will be on deferred salary until further notice. This decision was necessary to maintain sufficient operating capital until contract billings can be established. During this time managers may request distributions from salary, not to exceed 40% of their deferred balance. Requests shall be made using the attached form. Taxes and FICA will not be taken from these distributions at the time of withdrawal but will instead be corrected prior to the end of the fiscal year.

APRO Management appreciates the sacrifice that everyone is making to ensure the future success of the company.

v/r

*[signature]*



EXHIBIT "B"

# WITHDRAWAL REQUEST FROM DEFERRED SALARY

Requestor:_____

Date: _____

Amount Requested: _____

Amount in Individuals Deferred Account as of this date: _____

I understand that no taxes, FUTA, SUTA, or FICA will be withheld from the requested monies and that is my responsibility to ensure that correct amounts are contributed to these sources prior to the end of the fiscal year.

_____          _____
Signature of Requester                                      Date


_____          _____
Approval Signature                                            Date